UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE MC-14,

    Plaintiff,

v.

THE UNIVERSITY OF MICHIGAN and
THE REGENTS OF THE UNIVERSITY
OF MICHIGAN,

    Defendants.

Case No. 20-10618
Honorable Laurie J. Michelson

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER STATE-LAW CLAIMS PURSUANT TO 28 U.S.C. § 1367(c)
AND DISMISSING WITHOUT PREJUDICE CLAIMS V–XVIII**

John Doe filed an 18-count complaint against the University of Michigan and its regents, claiming that a university physician sexually assaulted him. Doe alleges that Defendants violated his civil rights under 42 U.S.C. § 1983 (three separate counts) as well as Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. He also alleges 14 state-law counts, including negligence, intentional infliction of emotional distress, and fraud and misrepresentation.

By statute, federal courts may exercise supplemental jurisdiction over certain state-law claims. *See* 28 U.S.C. § 1367(a). However, courts have the discretion to decline to exercise such jurisdiction when "the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (subsections omitted). A court also may choose not to exercise jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.*

As the Supreme Court has stated, where "state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). Compelling reasons for declining jurisdiction "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (citation omitted) (declining to exercise supplemental jurisdiction over state-law claims because they would "raise problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions"); *see also Gibbs*, 383 U.S. at 727 (holding that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental jurisdiction); *Kozma v. City of Livonia*, No. 14-2268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014) (same).

Here, the Court declines to exercise supplemental jurisdiction over the state-law claims because they substantially predominate over the few federal claims and in order to avoid jury confusion about the issues, legal theories, defenses, and possible relief. So pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Claims V–XVIII, which are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 2, 2020

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE